# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-1518V
Filed: July 11, 2024

* * * * * * * * * * * * *
ANGELA WILSON-NOBLE,

       Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.
* * * * * * * * * * * * *

*Michael McLaren, Esq.*, Black McLaren, PC, Memphis, TN, for petitioner.
*Catherine Stolar, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

    On June 29, 2021, Angela Wilson-Noble ("petitioner" or "Ms. Wilson-Noble") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that she developed Guillain-Barré Syndrome ("GBS") and/or Acute or Chronic Inflammatory Demyelinating Polyneuropathy ("AIDP" and "CIDP") as a result of the influenza ("flu") vaccine she received on October 15, 2019.[3] Petition, ECF No. 1. Petitioner now seeks an award of interim attorneys' fees and costs.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] During a status conference on November 1, 2022, it was discussed that petitioner's diagnosis in this case is CIDP. ECF No. 40.

## I. Procedural History

The petition was filed on June 29, 2021, and petitioner filed medical records and a statement of completion on July 1, 2021. Petitioner's Exhibits ("Pet. Ex.") 1-17, ECF Nos. 6-10, 12. Petitioner filed additional medical records on August 5, 2021; August 11, 2021; and August 12, 2021. Pet. Ex. 18, ECF No. 14; Pet. Ex. 19-20, ECF No. 15; Pet. Ex. 21, ECF No. 16.

The matter was assigned to the undersigned on December 17, 2021, and petitioner filed additional medical records thereafter on January 31, 2022; February 2, 2022; and February 7, 2022. Pet. Ex. 22, ECF No. 22; Pet. Ex. 23, ECF No. 23; Pet. Ex. 24, ECF No. 24.

On March 28, 2022, respondent filed a status report advising that he was amenable to informal resolution, but on April 12, 2022, after further consideration of the medical records and the onset of petitioner's CIDP, respondent filed another status report stating that he was no longer interested in informal resolution. ECF Nos. 28-29. Thereafter, on May 27, 2022, respondent filed his Rule 4(c) Report identifying outstanding medical records and recommending against compensation. ECF No. 30.

Petitioner filed medical records and a statement of completion on August 17, 2022. Pet. Ex. 25-27, ECF Nos. 35-36. On October 5, 2022, respondent filed a status report stating that he was satisfied the record sufficiently was complete. ECF No. 38.

A status conference was held on November 1, 2022, after which petitioner was ordered to file an expert report. ECF No. 40. Petitioner filed an expert report, curriculum vitae, and medical literature from Dr. Lawrence Steinman on January 30, 2023. Pet. Ex. 28-58, ECF No. 41.

On June 2, 2023, respondent filed responsive expert reports, curriculum vitae, and medical literature from Dr. Peter Donofrio and Dr. Robert Fujinami. Respondent's Exhibits ("Resp. Ex.") A-D, ECF No. 43.

Thereafter, petitioner filed a supplemental report from Dr. Steinman on June 27, 2023, and respondent filed a responsive report from Dr. Donofrio on August 23, 2023. Pet. Ex. 59, ECF No. 44; Resp. Ex. E, ECF No. 45. Petitioner filed a third report from Dr. Steinman on October 27, 2023. Pet. Ex. 60, ECF No. 47.

On December 11, 2023, the parties filed a status report requesting the scheduling of an entitlement hearing. ECF No. 49. Based on the court's current hearing calendar, a two-day entitlement hearing was scheduled for August 18 and 19, 2026. ECF No. 51.

On February 13, 2024, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 54. Petitioner requests a total of **$110,756.11,** representing $95,763.00 in attorneys' fees and $14,993.11 in costs. Motion for Interim Fees at 9. Respondent filed a response on February 15, 2024, deferring to the undersigned to determine whether the statutory requirements and legal standard for an award of interim attorneys' fees and costs were met. Response, ECF No. 56. Petitioner did not file a reply.

2

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A.  Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for almost three years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*,

*Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioner has expended significant time and costs in litigating this matter thus far, and the entitlement hearing will not take place until the fall of 2026, with a decision requiring additional time thereafter. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

**B.     Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following hourly rates for the work of her counsel in this matter thus far:

|            | **2021** | **2022** | **2023** | **2024** |
|------------|----------|----------|----------|----------|
| **M. McLaren** | -    | $501     | $518     | -        |
| **W. Cochran** | -    | $435     | -        | -        |
| **C. Webb**    | $364 | $395     | $410     | $435     |
| **Paralegals** | $161 | $167     | $172     | $183     |

Motion for Interim Fees, Ex. 2 at 28.

The rates requested for Mr. McLaren, Mr. Cochran, Mr. Webb, and their staff are consistent with what they have been awarded previously. *See Mehl v. Sec'y of Health & Human Servs*., No.

---

[4] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

17-923V, 2024 WL 1509155 (Fed. Cl. Spec. Mstr. Mar. 13, 2024); *Young v. Sec'y of Health & Human Servs.*, No. 19-475V, 2023 WL 9177301 (Fed. Cl. Spec. Mstr. Dec. 6, 2023). Accordingly, the hourly rates as awarded as requested.

### C.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$95,763.00.**

### D.     Reasonable Costs

Petitioner requests a total of $14,993.11 in costs. Motion for Interim Fees at 2. The requested costs consist of securing medical records, the Court's filing fee, travel expenses, and costs associated with petitioner's expert Dr. Lawrence Steinman, and her life care planner Lynne Trautwein. Motion for Interim Fees, Ex. 2 at 28-29.

### 1. Expert Costs for Dr. Lawrence Steinman

Petitioner requests $3,300.00 for a retainer covering the first six hours of Dr. Steinman's work at a rate of $550 per hour.[5] Motion for Interim Fees, Ex. 2 at 94. This rate is consistent with what Dr. Steinman has been awarded by the undersigned previously. *See Anderson v. Sec'y of Health & Human. Servs.*, No. 20-440V, 2022 WL 3151737 (Fed. Cl. Spec. Mstr. July 13, 2022). Therefore, Dr. Steinman is entitled to expert fees in the amount of $3,300.00.

### 2. Travel Costs

Petitioner's counsel requests reimbursement for costs associated with two trips: the first to meet with petitioner in July 2021, and the second to attend petitioner's life care planner's site visit in May 2022. Motion for Interim Fees, Ex. 2 at 7, 14-15. Petitioner's counsel properly billed at half his rate for any time spent traveling, and all travel expenses for counsel and the life care planner appear reasonable and are supported with adequate documentation.

### 3. Total Reasonable Costs

I have reviewed all the other requested costs, including the $5,000.00 retainer paid to petitioner's life care planner Lynne Trautwein, and find them reasonable and supported with adequate documentation. Accordingly, petitioner is awarded a total of **$14,993.11** in costs.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award a total of **$110,756.11,** representing $95,763.00 in attorneys' fees and $14,993.11 in costs, in the form of a check payable jointly to **petitioner and petitioner's counsel, Michael McLaren.** The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Dr. Steinman has since provided three expert reports in this matter, but billing for these reports is not included in the instant motion. *See* Pet. Ex. 28, Pet. Ex. 59, Pet. Ex. 60.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.